09-2578-ag
Qeta v. Holder

BIA
Chew, IJ
A098 580 551

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand ten.

PRESENT:
    ROBERT D. SACK,
    ROBERT A. KATZMANN,
    RICHARD C. WESLEY,
        *Circuit Judges.*

_____

JOLANDA QETA,
        *Petitioner*,

        v.                                    09-2578-ag
                                              NAC
ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Linda C. Flanagan, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Terri J. Scadron, Assistant
                       Director; Manuel A. Palau, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jolanda Qeta, a native and citizen of Albania, seeks review of a May 20, 2009, order of the BIA affirming the July 12, 2007, decision of Immigration Judge ("IJ") George T. Chew, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jolanda Qeta* No. A098 580 551 (BIA May 20, 2009), *aff'g* No. A098 580 551 (Immig. Ct. N.Y. City July 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency's determination that Qeta did not suffer past persecution is supported by substantial evidence. The IJ reasonably determined that Qeta's encounters with men who

2

sought unsuccessfully to force her into prostitution and the threatening phone calls she received did not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (holding that the harm must be sufficiently severe, rising above "mere harassment"); *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (stating that unfulfilled threats do not constitute persecution).

We also find no error in the agency's determination that Qeta's purported social group—young single women in Albania who do not have male relatives to protect them from sex traffickers—was not cognizable under the INA. The BIA has long interpreted the term "social group" to mean "a group of persons all of whom share a common, immutable characteristic." *Matter of Acosta*, 19 I. & N. Dec. 211, 233 (BIA 1985). A cognizable social group must: (1) exhibit a shared characteristic that is socially visible to others in the community; and (2) be defined with sufficient particularity. *See Matter of A-M-E & J-G-U-*, 24 I. & N. Dec. 69, 74-76 (BIA 2007), *aff'd by Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007). Qeta advances no argument that would compel us to disturb the agency's conclusion that

the group she proposed was too broad to be cognizable.  *See Matter of Acosta*, 19 I. & N. Dec. at 233; *Gomez v. INS*, 947 F.2d 660, 664 (2d Cir. 1991)("Possession of broadly-based characteristics such as youth and gender will not by itself endow individuals with membership in a particular group."); *see also Rreshpja v. Gonzales*, 420 F.3d 551,555 (6th Cir. 2005) (holding that "young (or those who appear to be young), attractive Albanian women who are forced into prostitution" did not constitute a social group under the INA).  Moreover, as the BIA observed, to the extent Qeta has married, she is no longer a member of that group.

Qeta's failure to establish the requisite nexus to a protected ground was fatal to her claims for both asylum and withholding of removal.  *See* 8 U.S.C. §§ 1101(a)(42), 1158(b), 1231(b)(3).  She does not challenge the agency's denial of her application for CAT relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4